779 P.2d 436

William F. and Niona HALLEY, husband and wife, Plaintiffs–Appellants,

v.

IDAHO STATE TAX COMMISSION, Defendant–Respondent.

No. 17776.

Court of Appeals of Idaho.

Sept. 7, 1989.

Cumer L. Green of Green & Nyman, Boise, for plaintiffs-appellants.

Jim Jones, Atty. Gen., Lenard L. Wittlake, Deputy Atty. Gen., for defendant-respondent.

---

SWANSTROM, Judge.

This is an appeal from an order of the district court holding that it lacked jurisdiction to hear an appeal from a decision issued by the State Tax Commission. The question presented is whether the taxpayer timely filed an appeal with the district court under I.C. § 63–3049. Holding that the initial appeal was timely, we reverse and remand.

Following an audit, the State Tax Commission issued a notice of deficiency to William and Niona Halley of Clarkston, Washington (hereinafter referred to in the singular as Halley) for the years of 1983 through 1985. Halley obtained an attorney and filed a protest and petition for redetermination. Halley asserted, among other claims, that certain disputed income was exempt under statute or allocable to services outside the state and as a result was not subject to Idaho income tax. The state rejected these arguments and issued an adverse decision on December 16, 1987.

The decision was mailed to Halley by certified mail, return receipt requested, and a copy was sent to Halley's attorney by first-class mail. The post office, in Halley's town, sent him a notice of the certified mail. He went to the post office, signed the receipt, and received his copy of the decision on December 22. On January 21, Halley filed a complaint in district court seeking review of the state's decision. The state in turn filed a motion to dismiss, arguing that Halley's complaint was untimely. The district court agreed, finding that under I.C. § 63–3049(a) which controls judicial review of state tax commission decisions, a petitioner is required to file a complaint within thirty days after receipt of notice of a decision. The court determined that while Halley had filed within thirty days of the time written notice had been received by him, Halley's thirty-day period commenced upon the receipt of notice by Halley's attorney. Halley's attorney had received notice on December 17, hence the January 21 filing by Halley was beyond the statutory time requirement.

On appeal we are confronted with the interpretation of the notice provision of I.C. § 63–3049(a). In particular we must determine whether receipt of notice by an agent of a taxpayer, namely Halley's attorney, constitutes the required notice for purposes of calculating the time allowed to file a complaint under the statute.

We begin by noting the pertinent language of I.C. § 63–3049(a):

Redetermination by the state tax commission may be reviewed in the district court ... by a complaint filed by the taxpayer against the state tax commission within thirty (30) days after the receipt of notice of the decision of the state tax commission denying, in whole or in part, any protest of the taxpayer....

The state in its argument to the district court and this Court on appeal, relies in part upon the execution of a power-of-attorney form by Halley. The state contends that this power of attorney designated Halley's attorney as an agent to receive notice for Halley.

Halley raises two arguments against this interpretation. First, he contends that the executed power of attorney was not so broad as to be interpreted as allowing notice to be received by the attorney and imputed to Halley. Alternatively, Halley argues that the form on which the power of attorney was executed was provided by the state and, absent express terms, should not be construed against the taxpayer and constitute a waiver of the taxpayer's right to receive personal notice. Of these arguments, we find the first dispositive.

In the power-of-attorney form executed by Halley, the following language is found: "Said attorney(s)-in-fact shall ... have authority to receive confidential information and full power to perform on behalf of the taxpayer(s) the following acts with respect to the above tax matters...." A list of powers is then included. A separate item typed in by Halley's attorney follows, and adds the power "to represent the taxpayer in any and all matters relating to the above-mentioned individual tax returns." A subsequent printed portion then reads: "Copies of notices and other written communications addressed to the taxpayer(s) in proceedings involving the above matters

should be sent to" (attorney's name and address inserted).

In light of this language and that of the statute, we agree with Halley's contention that the time of notice should not be construed as the date of receipt by Halley's attorney. We note that I.C. § 63–3049(a) creates an obligation on the state to provide the taxpayer with notice of an adverse decision without specifying how the notice is to be given. This obligation is not waived absent the execution of a valid power of attorney or other written statement specifically controlling the question of notice. Although the power of attorney executed here directs that copies of notices and other written communications addressed to Halley should be sent to Halley's attorney, we hold this does not present a waiver of Halley's right to personally receive the required statutory notice.

The power of attorney, a standardized form prepared by the state, makes no mention of either the receipt of original notices or the substitution of notice to the taxpayer's agent. The executed form, including the language added by Halley's attorney, gives no indication that the copies to be sent to the taxpayer's agent are *in lieu* of the notice otherwise to be sent to the taxpayer. Indeed, the tax commission apparently did not so interpret the power of attorney when it mailed notices of its decision to Halley and to the attorney.

By our ruling in this case, we do not mean to interpret the language of I.C. § 63–3049(a) so as to as preclude in all cases the required notice from being sent to a designated agent in lieu of the taxpayer, thus starting the thirty-day period for filing a complaint upon receipt of that notice by the agent. This waiver by the taxpayer of his right to receive personal notice, however, should only occur with the clear specific direction of the taxpayer. Such an intended waiver—like waiver in any case—must be expressed clearly by word or conduct. Here, the power of attorney does not establish that Halley's intent was to waive the right to receive the notice required by I.C. § 63–3049. Neither is there any conduct on the part of the taxpayer to indicate such an intent.

We conclude that Halley's statutory time period to file a complaint did not commence until Halley received notice from the state. Halley's complaint was in turn timely filed. The order of the district court dismissing Halley's complaint is reversed and the case is remanded to the district court for further proceedings. Costs to appellants, no attorney fees on appeal.

WALTERS, C.J., and WESTON, J., Pro Tem., concur.